In re Jean E. STEVENSON, Debtor.

The MAY COMPANY d/b/a The Hecht Company, a corporation, Plaintiff,

v.

Jean E. STEVENSON, Defendant.

Bankruptcy No. 80–00344.
Adv. No. 81–0009.

United States Bankruptcy Court,
District of Columbia.

March 9, 1981.

Barry E. Gordon, Wolpoff & Abramson, Rockville, for plaintiff The May Co.

Jean E. Stevenson, pro se.

## MEMORANDUM OPINION

(Complaint for Determination of Dischargeability of Debt)

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Bankruptcy Court for trial hearing on March 3, 1981, as a result of the plaintiff's complaint which seeks to except from the discharge in bankruptcy an obligation based on alleged fraud and false pretenses within the scope of 11 U.S.C. § 523(a)(2)(A).[1] The defendant filed an answer and appeared pro se in connection with the trial proceeding. The sole issue before this Court is whether the de-

---

1. Section 523(a)(2)(A):
   "... does not discharge an individual debtor from any debt—
   (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
   (A) false pretenses, a false representation, or actual fraud, other than, a statement respecting the debtor's or an insider's financial condition;".

fendant intended to repay certain charges which were incurred by the defendant debtor during the May and June billing periods on her Hecht Company charge account when she made the purchases.

The facts, which are uncontroverted, and established by plaintiff's evidence, show the following:

1. The defendant debtor, Jean E. Stevenson, first applied for an account with the Hecht Company in 1974, and at that time was employed by the Department of Human Resources in the District of Columbia. Defendant continues to be employed in that capacity and was so employed on August 14, 1980—the date her petition was filed.

2. During the year preceding the filing of the petition in bankruptcy, the plaintiff's evidence establishes that the average monthly charges incurred were approximately $100.00. During the same one-year period, the highest outstanding balance was $334.39. Commencing in May (May 10, 1980) the defendant debtor made purchases totalling $257.11. There had been a previous balance of $308.17 from the April billing period which left a closing balance on May 24, 1980 of $570.32. During the succeeding month of June 1980, there were purchases made in the amount of $279.37 leaving the closing balance on June 24, 1980, in the amount of $859.56. During the succeeding billing period, July 1980, purchases were made in the amount of $9.60 which, together with interest, left a final balance of $880.35. In addition, during May a set of china was billed to the household account (designated as Account W–7), for $158.08. No payments were made by the defendant on either of the accounts since April 1980. The last purchase in any material amount was made on June 24, 1980.

3. Both letter and telephone demands were made by the plaintiff in the month of July 1980, and the defendant debtor testified that she intended to attempt to make repayment attempts during this period of time. Defendant further testified that she first decided to file a petition in bankruptcy, based on her financial circumstances, in the month of August 1980.

4. During the month of June 1980, the defendant debtor received notice of a rental increase of $80 which became effective on August 1, 1980. The debtor testified, and there is no evidence to the contrary, that this was one of the primary precipitating factors for the filing of the petition in bankruptcy.

5. The plaintiff bears the burden of proof by establishing all elements of the cause of action set forth in § 523(a)(2), and, accordingly, the plaintiff must establish that the debtor had no intention to pay for the purchases incurred during the time period May–June 1980.[2] The facts as established by the plaintiff do not rise to the level of action fraud in the Court's opinion, primarily because of the manner in which the purchases were made and the nature of the purchases involved.

All of the purchases in question were essentially necessities in connection with the plaintiff's station in life and were, moreover, made over a 2-month period of time. Although the high balance during the preceding year was in the amount of only $334.39, the defendant debtor testified that at times prior to this that she had had a balance of at least $700 with the plaintiff in connection with her charge account. Certainly the manner and type of purchases made, weighed with the surrounding circumstances, do not in this Court's opinion give rise to a finding of actual fraud. For these reasons, the Court finds that the obligation in question to the plaintiff is dischargeable and will enter judgment for the defendant.

---

**2.** It is clear that "a purchase of goods on credit by a debtor who does not intend to pay therefor, constitutes false representation, although there is authority to the contrary." 3 Collier on Bankruptcy, § 523.08[4] at 523–44, 523–45 (15th ed. 1980).